UNITED STATES of America,
Plaintiff–Appellant,

v.

Salvador LOPEZ–LABASTIDA,
Defendant–Appellee.

No. 03–30180.
D.C. No. CR–02–02190–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2004.*

Decided March 8, 2004.

Appeal from the United States District Court for the Eastern District of Washington, Edward F. Shea, District Judge, Presiding.

Katherine Jill Bolton, Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellant.

K. Elizabeth Dahlstrom, Yakima, WA, for Defendant–Appellee.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM**

The United States appeals the sentence imposed on Salvador Lopez–Labastida following his guilty plea to being an alien present in the United States after deportation in violation of 8 U.S.C. § 1326. We reverse.

I

We review the district court's downward departure de novo under the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (PROTECT Act), even though this appeal was pending on the date the Act became

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

effective. 18 U.S.C. § 3742(e)(4); *United States v. Phillips,* 356 F.3d 1076, 1092–93 (9th Cir.2004).

## II

█ The government's argument that its consent is required for a stipulation to deportation to be considered as a ground for departure is foreclosed by *United States v. Rodriguez–Lopez,* 198 F.3d 773, 778 (9th Cir.1999).

## III

█ *Rodriguez–Lopez* also precludes us from accepting the government's position that conceding deportation is categorically not outside the heartland. 198 F.3d at 776 (relying on *United States v. Sanchez–Rodriguez,* 161 F.3d 556, 560 (9th Cir.1998) (en banc) to hold that whether an unmentioned factor provides a basis for downward departure must be determined on the facts and circumstances of the particular case); *see Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (prescribing framework for analyzing departures). Nor do we need to decide whether a downward departure is ever permissible on the ground that conceding deportation confers an articulable benefit to the government or abandons a colorable, non-frivolous defense because no such value attaches to Lopez–Labastida's stipulation in any event. The only arguable value that Lopez–Labastida points to is the possibility of challenging reinstatement of his 1996 deportation order on the ground that it pre-dated the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), and it is clear as a matter of law that no such claim is available to him as he re-entered this country illegally after IRRIRA's effective date.

---

* This panel unanimously finds this case suitable for decision without oral argument.

*Gallo–Alvarez v. Ashcroft,* 266 F.3d 1123, 1128–29 (9th Cir.2001); *see Castro–Cortez v. INS,* 239 F.3d 1037, 1050 (9th Cir.2001) (indicating that IIRIRA does not apply retroactively to aliens who reentered the United States before the Act's effective date); 8 C.F.R. § 241.8. For this reason a downward departure based on the stipulation in light of the facts and circumstances of this case is not warranted. Accordingly, we vacate Lopez–Labastida's sentence and remand for resentencing.

VACATED and REMANDED.